**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doyle Raybourn Emery, | No. CV 09-1337-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Correctional Health Services, | |
| Defendant. | |

Plaintiff Doyle Raybourn Emery, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On July 8, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On August 5, 2009, Plaintiff filed an Amended Complaint. The Court will dismiss the Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the Amended Complaint may possibly be saved by further amendment.

**II. Amended Complaint**

Plaintiff sues: Maricopa County Sheriff Joseph Arpaio; Maricopa County Supervisors Fulton Brock, Don Stapely, Andrew Kunasek, Max Wilson, and Mary Rose Wilcox; Doctors Grogorio and Charles; and Sergeant Roberts.

Plaintiff raises nine claims for relief:

| | | |
|---|---|---|
| 1 | (1) | Plaintiff's Eighth Amendment rights were violated when Defendants Grogorio and Charles failed to provide him with adequate medical treatment for a "closed head injury"; |
| 4 | (2) | Plaintiff's Fourteenth Amendment rights were violated by Defendants' failure to provide adequate medical care; |
| 6 | (3) | Plaintiff rights under article 2, section 3 of the Arizona Constitution were violated by Defendants' failure to provide medical care; |
| 8 | (4) | Plaintiff's Fourteenth Amendment rights were violated by Defendants' failure to provide adequate medical care; |
| 10 | (5) | Plaintiff's rights under article 2, section 15 of the Arizona Constitution were violated by Defendants' failure to provide adequate medical care; |
| 12 | (6) | Plaintiff's rights under article 2, section 32 of the Arizona Constitution were violated by Defendants' failure to provide adequate medical care; |
| 14 | (7) | Plaintiff's Fifth Amendment rights were violated when Defendant Roberts transferred him to disciplinary segregation, which aggravated Plaintiff's mental illness; |
| 17 | (8) | Plaintiff's Fourteenth Amendment rights were violated when Defendant Roberts transferred him to disciplinary segregation, which aggravated Plaintiff's mental illness; and |
| 20 | (9) | Defendant Charles failed to provide Plaintiff with adequate treatment for Plaintiff's mental illness. |

Plaintiff seeks declaratory and injunctive relief and money damages.

## III. Failure to State a Claim

### A. Joe Arpaio and Maricopa County Board of Supervisors

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that

- 3 -

JDDL-K

the official personally participated in the constitutional deprivation or that a supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff does not allege that Defendant Arpaio personally participated in the deprivation of Plaintiff's constitutional rights, was aware of such deprivation and failed to act, or that Defendant Arpaio formed polices that resulted in Plaintiff's injuries. Similarly, the Board of Supervisors cannot be held liable for the actions of the Sheriff or his deputies on a theory of *respondeat superior* liability. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Accordingly, Plaintiff has failed to state a claim against Defendants Arpaio and the Maricopa County Board of Supervisors.

### B. State Law Claims–Counts III, V, and VI

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide a cause of action for violations of state law or state constitutional rights. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Accordingly, Plaintiff's state law allegations fail to state a claim for relief under § 1983.

### C. Medical Claims –Counts I, II, IV, and IX

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant

acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Id.

Plaintiff's allegations are insufficient to state a claim for inadequate medical treatment under the Eighth and Fourteenth Amendments. Plaintiff alleges that for three months after Plaintiff was booked in the Jail, Defendant Grogorio failed to obtain Plaintiff's medical records relating to a head injury Plaintiff received outside of prison. Plaintiff then alleges that after the records were received, Defendants Grogorio and Charles failed to adequately recognize and treat Plaintiff's condition. Plaintiff's allegations suggest that Defendants

1 Grogorio and Charles may have been negligent in diagnosing or treating Plaintiff's
2 conditions, but they do not demonstrate that Defendants were aware of a serious risk to
3 Plaintiff's health and failed to act.

4 Similarly, with respect to Plaintiff's mental illness claims, Plaintiff has again failed
5 to show that Defendant Charles was deliberately indifferent to his serious medical needs.
6 Plaintiff alleges that Defendant Charles ordered medication for him but that the medication
7 was not consistently administered. Plaintiff has not alleged facts showing that Defendant
8 Charles was responsible for the administration of medication or that the inconsistent
9 administration was the result of deliberate indifference.

### D. Disciplinary Claims–Counts VII and VIII

In Count VII and VIII, Plaintiff claims that Defendant Roberts moved him to disciplinary segregation without due process. Plaintiff claims that the conditions in segregation aggravated his mental illness. "[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1979). "'There is, of course, a de minimis level of imposition with which the Constitution is not concerned.'" Bell, 441 U.S. at 539 n. 21 (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)). No unconstitutional punishment occurs when the government imposes restrictions as part of legitimate operational concerns to ensure security and order. Bell, 441 U.S. at 540. Imposition of punishment for violating rules, however, requires the procedural protections described by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).

Plaintiff's claims in Count VII and VIII are vague and conclusory. Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff alleges that Defendant Roberts "made up his own rules outside the scope of MCSO policies . . . purposefully punished Plaintiff and abridged [Plaintiff's] rights." Plaintiff does not describe whether he was placed in segregation for the violation of rules or if he was transferred as part of operational concerns to ensure security and order. Plaintiff states that he was "experiencing symptoms of active

1 schizo[phrenia] disorder" and it appears that Plaintiff may have been transferred for security 2 reasons. Moreover, Plaintiff does not describe how he was deprived of due process. Plaintiff 3 has failed to state a claim in Counts VII and VIII.

**IV.     Leave to Amend**

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

In any second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint and first amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Amended Complaint (Doc. #6) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 2nd day of October, 2009.

_____
Mary H. Murguia
United States District Judge