**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Doyle Raybourn Emery,) No. CV 09-1337-PHX-MHM (ECV)
)
Plaintiff,) **ORDER**
)
vs.)
)
Correctional Health Services,)
)
Defendant.)
)

Plaintiff Doyle Raybourn Emery, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On July 8, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On August 5, 2009, Plaintiff filed an Amended Complaint. By Order filed October 5, 2009, the Court dismissed the Amended Complaint with leave to amend.

The Court's Order was returned as undeliverable, and on November 19, 2009, the Clerk of Court dismissed this action and entered judgement (Doc. #9). The copy of the Judgment sent to Plaintiff was also returned to the Court as undeliverable.

On December 4, 2009, Plaintiff filed a Notice of Change of Address (Doc. #11). On December 17, 2009, Plaintiff filed a "First Amended Complaint[1]" (Doc. #14) and two "addendums" to the "First Amended Complaint."

---

[1] Although Plaintiff has labeled this document "First Amended Complaint," it is Plaintiff's Second Amended Complaint.

**JDDL-K**

On January 4, 2009, Plaintiff filed a Motion to Reopen Case (Doc. #17).

**I.     Motion to Reopen**

In his Motion to Reopen, Plaintiff states that because he was being transferred from the Maricopa County Jail to the Arizona Department of Corrections, he did not receive the Court's Order dismissing the Amended Complaint. Plaintiff asks that the Court reopen this action and accept his December 17th Second Amended Complaint. The Court will reopen this action and grant Plaintiff a final opportunity to amend his claims in a third amended complaint.

**II.    Second Amended Complaint**

Plaintiff has filed a Second Amended Complaint and two "addendums" to that document. Because Plaintiff has not included all of his claims in one document, the Court will dismiss the Second Amend Complaint with leave to amend.

This will be Plaintiff's final opportunity to amend his claims. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined in the Court's October 5, 2009 Order. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

In any third amended complaint, Plaintiff must write <u>short</u>, <u>plain</u> <u>statements</u> telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Further, Plaintiff must comply with any specific directions set out by the Court

1 in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint, First Amended Complaint, or Second Amended Complaint by reference. Plaintiff may include only one claim per count. **Plaintiff must include every claim he wishes to raise in the third amended complaint. The Court will not accept supplements or addendums to the third amended complaint.**

A third amended complaint supersedes the original complaint, first amended complaint, and second amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint, first amended complaint, and second amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint, first amended complaint, or second amended complaint is waived if it is not raised in a third amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's January 4, 2010 Motion to Reopen Case (Doc. #17) is **granted**; the Clerk of Court must **vacate** the November 19, 2009 Judgment (Doc. #9) and **reopen** this action.

(2) The Second Amended Complaint (labeled First Amended Complaint by Plaintiff) (Doc. #14) is **dismissed** with leave to amend. Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with the Court's October 5, 2009 Order.

(3) If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of

1 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
2 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).
3     (4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
4 rights complaint by a prisoner.
5     DATED this 2nd day of February, 2010.

                         Mary H. Murguia
                         United States District Judge