# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doyle Raybourn Emery, ) | No. CV 09-1337-PHX-MHM (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Correctional Health Services, ) | |
| Defendant. ) | |

Plaintiff Doyle Raybourn Emery, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On July 8, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On August 5, 2009, Plaintiff filed an Amended Complaint. By Order filed October 5, 2009, the Court dismissed the Amended Complaint with leave to amend.

The Court's Order was returned as undeliverable, and on November 19, 2009, the Clerk of Court dismissed this action and entered Judgment (Doc. #9). The copy of the Judgment sent to Plaintiff was also returned to the Court as undeliverable.

On December 4, 2009, Plaintiff filed a Notice of Change of Address (Doc. #11). On December 17, 2009, Plaintiff filed a "First Amended Complaint"[1] (Doc. #14) and two "addendums" to the "First Amended Complaint."

---

[1] Although Plaintiff has labeled this document "First Amended Complaint," it is Plaintiff's Second Amended Complaint.

On January 4, 2009, Plaintiff filed a Motion to Reopen Case (Doc. #17). By Order filed February 4, 2010, the Court granted Plaintiff's Motion to Reopen case and gave Plaintiff 30 days to file a third amended complaint. On February 22, 2010, Plaintiff filed a Motion for Extension of Time to file a third amended complaint (Doc. #20).

**I.     Motion for Extension of Time**

In his Motion, Plaintiff states that he needs additional time to draft a third amended complaint and also asks that the Court send him a copy of his "First Amended Complaint." (Doc. #14). Plaintiff states that he provided the Court with three copies of the "First Amended Complaint," but that the Court did not return a copy to him and that he needs a copy to prepare his third amended complaint.

The Court will grant Plaintiff's Motion. The Court will direct the Clerk of Court to send Plaintiff a copy of the "First Amended Complaint" (Doc. #14). Plaintiff will have 30 days from the filing date of this Order to file a third amended complaint that complies with the Court's February 4, 2010 Order. **The Court will not grant any further extensions of time.**

**II.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See

1  LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
2  to Plaintiff.

### D. Possible "Strike"

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the February 4, 2010 Order, or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's February 22, 2010 Motion for Extension of Time (Doc. #20) is **granted**.

(2) Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with the Court's February 4, 2010 Order. Plaintiff will not receive any further extensions of time.

(3) If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(5) The Clerk of Court must mail Plaintiff a copy of the "First Amended Complaint" (Doc. #14).

DATED this 26th day of March, 2010.

Mary H. Murguia
United States District Judge